UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHUANE ANTELLE DICKENS,
*Defendant-Appellant.*

No. 03-4128

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-97-128)

Submitted: November 14, 2003

Decided: December 16, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Oldric J. Labell, Jr., Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found Shuane Antelle Dickens guilty of conspiracy to distribute fifty grams or more of crack cocaine and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Dickens was sentenced to 292 months of imprisonment, to be followed by a five-year term of supervised release. Dickens timely appeals his conviction and sentence, arguing, inter alia, that his indictment and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On appeal, Dickens contends that because he was sentenced using the statute criminalizing distribution of more than fifty grams of crack, 21 U.S.C. § 841(b)(1)(A), it was error for the indictment to fail to specify drug quantity and it was error for the trial court to fail to instruct the jury that it must find the quantity of drugs for which Dickens was responsible beyond a reasonable doubt. Dickens failed to make these objections below, however, so his claims are reviewed for plain error. *See United States v. Mackins*, 315 F.3d 399, 406 (4th Cir.), *cert. denied*, 123 S. Ct. 2099 (2003).

Before a reviewing court may correct a trial error to which there was no contemporaneous objection, three factors must be shown: (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Cotton*, 535 U.S. 625, 631-32 (2002). An appellate court may exercise its discretion to correct the error when all three factors are met and when the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

In Dickens' case, the evidence that he conspired to distribute more than fifty grams of crack was "overwhelming" and "essentially uncontroverted." *Id.*; *Mackins*, 315 F.3d at 408. The Government presented the testimony of fourteen witnesses who either sold crack to Dickens or purchased crack from Dickens. Given the totality of the evidence against him, we cannot say that any error stemming from the indictment or the jury instructions affected the fairness or integrity of Dickens' conviction and sentence.

Dickens' other arguments are likewise without merit. He objects to the admission of alleged hearsay statements. These statements were either properly admitted under the co-conspirator exception to the hearsay rule, *see* Fed. R. Evid. 801(d)(2)(E), or their admission was harmless. Next, Dickens argues that his right to confront witnesses was violated when the district court curtailed his cross-examination of a witness. Dickens has failed to demonstrate that the trial court's ruling was an abuse of discretion. *See United States v. McMillon*, 14 F.3d 948, 955-56 (4th Cir. 1994). Finally, Dickens' assertion that the district court's jury instructions inadequately stated the law on conspiracy is expressly belied by the record.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*